In re Estate of Kerns.

(No. 915—Decided April 13, 1950.)

*Mr. Meade C. Robinson* and *Mr. Paul T. Mahon,* for appellant.

*Mr. Howard A. Traul* and *Mr. Norman C. Carey,* for appellees.

MIDDLETON, J. This is an appeal on questions of law from a judgment of the Probate Court of Logan County, sustaining exceptions to the schedule of debts filed by the administrator of the estate of Mabel E. Kerns, deceased.

2

The claim of The Belle Center Bank Company was allowed by the administrator as a secured claim and it was to this classification of the claim that exceptions were filed by unsecured creditors of the estate. The allowance of the claim of the banking company as a secured claim was on the assumption that the banking company had a lien by virtue of a levy of execution.

The parties do not disagree as to the facts.

The Belle Center Bank Company, on May 7, 1948, recovered a judgment in Hardin county against S. W. Kerns and Mabel E. Kerns for $8,081.18, with interest and costs, and execution was immediately issued to the sheriff of Logan county. At that time, S. W. Kerns was a patient in White Cross Hospital in Columbus, and his wife, Mabel E. Kerns, was assisting in his care. Mr. Kerns died on June 5, 1948, and Mabel E. Kerns was appointed administrator of his estate on June 11, 1948.

Deputy sheriff McAdams testified that he took the execution of the bank to Belle Center to make a levy on the hardware store conducted by S. W. Kerns, and that upon his arrival in Belle Center he went to the hardware store which was "closed down" when he got there. He left the store and went to the home of a friend where he had his dinner and while there learned of the illness of S. W. Kerns. He called the son of S. W. Kerns by telephone and told him he had an execution on the store and that "we must close the store up" and asked the son whether he would agree to close the store. The son agreed to close the store. A day or two later the deputy sheriff returned to Belle Center and saw that the store was closed. Thereafter, the stock of merchandise upon which the levy was attempted was sold by the administrator and not by the sheriff on execution.

The foregoing is substantially the testimony of the deputy sheriff.

William S. Kerns, the son with whom the deputy sheriff talked by telephone, stated that a few hours after this conversation with the deputy he returned to the store, soaped the windows, and took the key of the store to the Belle Center bank, the judgment creditor. The key was not delivered to the sheriff and he did not know that it had been delivered to the bank.

The question presented is whether a valid levy was made upon the stock of hardware by the deputy sheriff.

To constitute a valid levy, it must be shown, first, that there was an intent on the part of the execution officer to control the property, second, that the officer had power to exercise such control, and, third, that there was a taking of possession of such property.

"The law has prescribed to the execution officer no special forms or detailed methods of procedure. Supposing the authority of the officer to make the levy to be complete, the question as to what constitutes a valid levy on personal property seems to depend upon the combined results of the circumstances of each particular case, rather than upon the existence or non-existence of any one particular circumstance which properly may, or usually does, accompany, evidence, or form a part of the act of making a levy. In general it may be said that, to constitute a valid levy of execution upon personal property, the officer must interfere with the possession of the property in such manner that he would be amenable to an action for trespass were it not for the protection afforded him by the writ." 17 Ohio Jurisprudence, 795, Section 116.

In order to make a valid levy on personal property, the execution officer must reduce the property to his power and control or at least have it within his view,

and then within a reasonable time take possession in such manner as to apprise everybody of the execution. 2 Bouvier's Law Dictionary, 1937.

"The sufficiency of a levy on personal property depends largely on the circumstances of each case, the applicable statutes if any, the character of the property levied on, and the status of the person challenging its sufficiency." To constitute a valid levy the officer must reduce the property to possession or bring it within his immediate control. The execution officer must assert his right to the personalty by virtue of the execution by clear and unequivocal acts or declarations. Moreover, the sufficiency of a levy depends on what is done, rather than the intent with which it is done. It is not sufficient for the officer to announce that he is at the place for the purpose of making a levy. 33 Corpus Juris Secundum, 242, Section 97.

In the instant case it was the intent of the deputy to control the property, but he failed to follow up his intent by taking possession.

The record fails to show the existence of acts or conduct by the deputy sheriff necessary to constitute a valid levy.

The execution creditor secured no lien by virtue of the attempted levy by the deputy sheriff, and the judgment of the court below was proper.

The judgment of the court below is affirmed.

*Judgment affirmed.*

GUERNSEY, P. J., and JACKSON, J., concur.